NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50112 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02311-LAB |
| v. | |
| RUBEN GALVAN-SALAZAR, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Ruben Galvan-Salazar appeals from the district court's judgment and

challenges the 30-month custodial sentence and 3-year term of supervised release

imposed following his guilty-plea conviction for being a removed alien found in

the United States, in violation of  8 U.S.C. § 1326.  We have jurisdiction under 28

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Galvan-Salazar contends that the district court procedurally erred by failing to provide a reasoned basis for exercising its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to reject U.S.S.G. § 5D1.1(c). His reliance on *Kimbrough* is misplaced. While section 5D1.1(c) states that a district court should not ordinarily impose a term of supervised release if the defendant is a deportable alien, it also provides that supervised release may be appropriate in such cases if it will provide an added measure of deterrence. *See* U.S.S.G. § 5D1.1 cmt. n.5. The district court's decision to impose supervised release on the basis of its finding that doing so would provide an added measure of deterrence in Galvan-Salazar's case was, therefore, consistent with the Guidelines.

Galvan-Salazar next contends that his sentence is substantively unreasonable because the district court failed to account for the mitigating factors. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Galvan-Salazar's criminal history and the need for deterrence. *See Gall*, 552 U.S. at 51.

**AFFIRMED**.